United States Courts
Southern District of Texas
FILED

SEP 1 0 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 19-654 |
| | § | |
| ASIM LODHI and | § | |
| NAILA LODHI | § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

AT ALL TIMES RELEVANT TO THIS INDICTMENT:

1.    The Internal Revenue Service ("IRS") was an agency of the United States Treasury Department responsible for administration and enforcement of the tax laws of the United States including collection of self-determined federal income taxes due and owing to the United States.

2.    ASIM LODHI and NAILA LODHI were married to one another and were residents of Houston, Texas, in the Southern District of Texas, who together, personally and through others acting on their behalf, owned and operated U. S. LOSS PREVENTION, INC. ("USLP"), and VANGUARD DETECTIVE & SECURITY AGENCY, INC. ("VDSA"), both of which corporations provided for-profit contract security services for clients in the Houston and Dallas/Fort Worth metropolitan areas.  The principal office address for both corporations was 9896 Bissonnet, Suite 305, Houston, Texas, 77036 with some business also being conducted at or through addresses: 7015 Gulf Freeway, Suite 213, Houston, Texas 77087; 6500 N. Stemmons Frwy, Suite 2070, Dallas, Texas 75247; 8810 Hollow Banks Lane, Houston, Texas 77095; 6006 Carmel Cove Court, Houston, Texas 77041 and 2626 South Loop #628, Houston, Texas 77054.

1

3.   Under applicable tax law, USLP was a for-profit corporation that was required to pay federal income taxes on its profits by filing a Form 1120—U. S. Income Tax Return for a Corporation that reported revenue, expenses, taxable income and the tax due and owing on that taxable income.   VDSA, however, was a for-profit, but non-taxable, "S" corporation that filed a Form 1120S—U. S. Income Tax Return for an S Corporation in which it reported its revenue, expenses, and taxable income both to the IRS and to its shareholders who, in turn, included that information in their own personal income tax returns (Forms 1040 – U.S. Individual Income Tax Returns) and paid any taxes due and owing on the resulting aggregate taxable income.

4.   Based upon information provided by ASIM LODHI and NAILA LODHI, a Certified Public Accountant and associates practicing in Cypress, Texas (the "Cypress CPA") and performing contract accounting services, prepared sales tax returns filed for USLP and VDSA with the State of Texas, and prepared federal income tax returns filed with the IRS for USLP, VDSA, and ASIM LODHI and his wife for tax years 2008 through 2011 as summarized below:

| Federal Tax Return | Indicated Filing Date | Indicated Signature(s) | Reported Gross Receipts or Sales | Reported Loans From Shareholders | Reported Taxable Income or (Loss) | Reported Tax Due and Owing |
|---|---|---|---|---|---|---|
| USLP 2008 Form 1120 | 02-04-2010 | [Blank] | $891,949 | Beg:  $  179,474 End:  $  438,840 | ($ 253,593) | 0 |
| VDSA 2008 Form 1120S | 09-15-2009 | Shekhani, President | $108,589 | Beg:  [Blank] End:  [Blank] | (  $55,766) | N/A |
| Lodhi 2008 Form 1040 | | Asim Lodhi Naila Lodhi | N/A | Not Applicable | 0 | ($  1,582) Refund |
| USLP 2009 Form 1120 | 08-31-2010 | Naila Lodhi,CFO | $375,860 | Beg:  $  438,840 End:  $  810,608 | ($408,752) | 0 |
| VDSA 2009 Form 1120S | 08-31-2010 | Naila Lodhi,CFO | $127,332 | Beg:  [Blank] End:  [Blank] | ($171,263) | N/A |
| Lodhi 2009 Form 1040 | | Asim Lodhi Naila Lodhi | N/A | Not Applicable | 0 | ($  4,140) Refund |
| USLP 2010 Form 1120 | 09-15-2011 | [Blank] | $291,593 | Beg:  $  810,608 End:  $1,197,564 | ($399,671) | 0 |
| VDSA 2010 Form 1120S | 09-15-2011 | [Blank] | $452,383 | Beg:  [Blank] End:  $  423,823 | ($233,470) | N/A |
| Lodhi 2010 Form 1040 | | Asim Lodhi Naila Lodhi | N/A | Not Applicable | 0 | ($     947) Refund |
| USLP 2011 Form 1120 | 09-17-2012 | [Blank] | $302,314 | Beg:  $1,197,564 End:  **$1,503,306** | ($327,528) | 0 |
| VDSA 2011 Form 1120S | | [Blank] | $373,212 | Beg:  $  423,823 End:  **$  554,170** | ($150,797) | N/A |

5.   During 2008 through 2011, ASIM LODHI and NAILA LODHI maintained bank accounts for USLP ("the USLP accounts") at Bank of America N. A., a federally-insured financial institution with branches located throughout the Houston metropolitan area.

6.   USLP client fee checks in the following approximate amounts were deposited into the USLP bank accounts at Bank of America N. A. during the following years and reported as taxable "Gross Receipts or Sales" in federal income tax returns filed with the IRS (USLP Forms 1120—U. S. Corporation Income Tax Returns, Line 1a):

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|---|---|---|---|---|---|
| Amount | $ 891,949. | $ 375,860. | $ 291,593. | $ 302,314. | $1,861,716. |

7.   During 2008 through 2011, ASIM LODHI and NAILA LODHI maintained bank accounts for VDSA ("the VDSA accounts") at JPMorgan Chase N.A., a federally insured financial institution with branch locations throughout the Houston metropolitan area.

8.   Client fee checks in the following approximate amounts deposited into the VDSA bank accounts at JPMorgan Chase Bank N. A. during the following years were reported as "Gross Receipts or Sales" in federal income tax returns filed with the IRS (VDSA Forms 1120S—U. S. Corporation Income Tax Returns for an S Corporation, Line 1a):

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|---|---|---|---|---|---|
| Amount | $ 108,589. | $ 127,332. | $ 452,383. | $ 373,212. | $1,061,516. |

9.   ZOFNIK, INC. d/b/a Chevron Mini Stop at 24930 Aldine Westfield, Spring, Texas 77373 provided check cashing services to ASIM LODHI and NAILA LODHI for a fee of approximately one and one-quarter percent (1.25%) through a banking relationship with Wallis State Bank, a federally insured financial institution headquartered in Wallis, Texas with branch locations in the Houston metropolitan area and elsewhere in the State of Texas.

3

10.   NANAK TRADING, INC. d/b/a Mini Mart #9 at 23240 Highway 290 West, Cypress, Texas, provided check cashing services to ASIM LODHI and NAILA LODHI for a fee of approximately one-half percent (1/2%) through a banking relationship with Wallis State Bank, a federally insured financial institution headquartered in Wallis, Texas with branch locations in the Houston metropolitan area and elsewhere in the State of Texas.

11.   ZOFNIK, INC. cashed and then deposited for collection by and through Wallis National Bank during the following years client fee checks made payable to USLP and VDSA in the following approximate aggregate amounts:

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|---|---|---|---|---|---|
| USLP | .00 | 476,828.63 | 639,757.88 | 297,235.96 | 1,413,822.47 |
| VDSA | .00 | 155,903.29 | 462,555.34 | 189,220.63 | 807,679.26 |
| Total | .00 | 632,731.92 | 1,102,313.22 | 486,456.59 | 2,221,501.73 |

At 1.25%, these transactions generated check cashing fees estimated at approximately $27,769.

12.   NANAK TRADING, INC. cashed and then deposited for collection by and through Wallis National Bank during the following years client fee checks made payable to USLP and VDSA in the following approximate aggregate amounts:

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|---|---|---|---|---|---|
| USLP | 356,213.45 | 132,390.43 | .00 | 405,855.24 | 894,459.12 |
| VDSA | 18,569.02 | 96,719.57 | .00 | 331,423.96 | 446,712.55 |
| | 374,782.47 | 229,110.00 | .00 | 737,279.20 | 1,341,171.67 |

These transactions generated (1/2 %) check cashing fees totaling approximately $6,706.

13.   ZOFNIK, INC. and NANAK TRADING, INC. ("the Check Cashing Services") together cashed and then deposited for collection by and through Wallis National Bank during the following years client fee checks made payable to USLP and VDSA in the following approximate aggregate amounts that were not reported as taxable client fees ("Gross Receipts or

4

Sales") in federal income tax returns filed with the IRS:

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|------|------|------|------|------|-------|
| USLP | 356,213.45 | $ 609,219.06 | $ 639,757.88 | $ 703,091.20 | $2,308,281.59 |
| VDSA | 18,569.02 | $ 252,622.86 | $ 462,555.34 | $ 520,644.59 | $1,254,391.81 |
| Total | 374,782.47 | $ 861,841.92 | $1,102,313.22 | $1,223,735.79 | $3,562,673.40 |

14.    Proceeds of USLP and VDSA client fee checks cashed by ZOFNIK, INC. and NANAK TRADING, INC. were deposited to the USLP and VDSA bank accounts during the following years in the following approximate amounts, and based upon information provided to the Cypress CPA by ASIM LODHI and NAILA LODHI, these deposits were accounted for in the books, records and federal income tax returns of USLP and VDSA as non-taxable "shareholder loans," supposedly but not actually, borrowed by ASIM LODHI and NAILA LODHI from other sources rather than accurately and truthfully as taxable client fees ("Gross Receipts or Sales"):

| Year | 2008 | 2009 | 2010 | 2011 | Total |
|------|------|------|------|------|-------|
| USLP Accounts | $ 296,135. | $ 399,935. | $ 466,745. | $ 262,393. | $1,425,208. |
| VDSA Accounts | $ 31,722. | $ 172,493. | $ 215,834. | $ 131,002. | $ 551,051. |
| | $ 327,857. | $ 572,428. | $ 682,579. | $ 393,395. | $1,976,259. |

15. When they became aware that that they were under IRS investigation for diverting and concealing USLP and VDSA client fees from their tax return preparers, for not reporting those proceeds to the IRS, and for evading taxes due and owing thereon, ASIM LODHI and NAILA LODHI hired successor CPAs (the "Successor CPAs") to prepare and submit to the IRS "amended" tax returns to "reclassify" as "Gross Receipts and Sales" the bank deposits previously reported to the IRS as non-taxable shareholder loans to USLP and VDSA; those amended tax returns were presented to the IRS on July 16, 2013 in an effort to bring the IRS investigation to a conclusion without ASIM LODHI and NAILA LODHI having to disclose to the Cypress CPA, to the Successor CPAs and to the IRS the proceeds of USLP and VDSA client fee checks of

5

approximately $1,114,220.20 summarized below that been cashed but not deposited and reported either as "Gross Receipts or Sales" or as Shareholder Loans in tax returns prepared by both the Cypress CPA and the Successor CPAs and filed with and presented to the IRS:

| Year | 2008 | 2009* | 2010 | 2011 | Total |
|---|---|---|---|---|---|
| Checks Cashed USLP/VDSA | $ 374,782.47 | $ 861,841.92 | $1,102,313.22 | $1,223,735.79 | $3,562,673.40 |
| "Loan" Deposits | ($ 327,857. ) | ($ 572,428. ) | ($ 682,579. ) | ($ 393,395. ) | ($1,976,249. ) |
| Difference | $ 46,925.47 | $ 289,413.92 | $ 419,734.22 | $ 830,340.79 | $1,586,414.40 |

| | |
|---|---|
| Personal Deposits Disclosed to Successor CPAs | ($ 472,194. ) |
| Approximate Diverted Income concealed from and not disclosed to Cypress/Successor CPAs and IRS: | $1,114,220.40 |

16. By using check cashing services in the clandestine diversion and personal consumption of "gross receipts or sales" from/to USLP and VDSA clients and concealing that clandestine diversion from two different tax return preparers who prepared, filed and presented consequentially materially false tax returns to the IRS on their behalf, ASIM LODHI AND NAILA LODHI under-reported income and evaded substantial federal income taxes due and owing on the diverted income earned by themselves and by and through USLP and VDSA for tax years 2008 through 2011.

COUNT ONE
(26 U.S.C. Section 7201 - Tax Evasion)

17. From on or about January 1, 2008 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America individually and

6

jointly by themselves derivatively from the operation of VDSA and USLP for the calendar year 2008 by committing the following affirmative acts, among others:

(1)   Diverting and withholding from the VDSA bank accounts and account statements, client fee checks made payable to VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)   Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

(3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales"  when the diversion became so great that some diverted funds had to be deposited to the VDSA accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of VDSA;

(4)   Filing, and causing to be filed, with the IRS a false 2008 U.S. Income Tax Return for an S Corporation--Forms 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the VDSA bank accounts and account statements and concealed from and misrepresented to the Cypress CPA as preparer of such tax return(s);

(5)   Causing to be filed with the IRS a 2008 U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S

Corporation" income and expenses of VDSA and taxes due and owing thereon;

(6)   Causing to be filed with the IRS a **2008** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material dividend income from USLP as funds diverted and received directly from clients rather than by and through sales and income reported in tax returns filed by and for USLP, and by and through payments and distributions by, through, and from USLP;

(7)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(8)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2008** U.S. Income Tax Return for an S Corporation--Form 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others;

(9)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2008** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses resulting from client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others and did not report the tax due and owing thereon; and

(10)  During an interview in Houston, Texas with IRS investigating agents on or about November 18, 2014, Naila Lodhi:

    (i)       denied taking Diverted Checks to the Check Cashing Services;

    (ii)      denied dealing with the Cypress CPA; and

    (iii)     denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

COUNT TWO
(26 U.S.C. Section 7201 - Tax Evasion)

18.   From on or about January 1, 2009 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America by USLP and individually and jointly by themselves derivatively from the operation of USLP for the calendar year **2009** by committing the following affirmative acts, among others:

(1)  Diverting and withholding from the USLP bank accounts and account statements, client fee checks made payable to USLP and VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)  Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

9

(3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" when the diversion became so great that some diverted funds had to be deposited to the USLP accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of USLP;

(4)   Filing, and causing to be filed, with the IRS a false **2009** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the USLP bank accounts and account statements and concealed from and misrepresented to the Cypress CPA in the preparation of those tax returns and in determining taxes due, owing and payable therewith;

(5)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(6)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2009** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from USLP bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA non-taxable shareholder loans borrowed from others and did not report taxes due and owing thereon; and

(7)   During an interview in Houston, Texas with the IRS investigating agents on or

about November 18, 2014, Naila Lodhi:

    (i)      denied taking Diverted Checks to the Check Cashing Services;

    (ii)     denied dealing with the Cypress CPA; and

    (iii)    denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

## COUNT THREE
(26 U.S.C. Section 7201 - Tax Evasion)

19.   From on or about January 1, 2009 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America individually and jointly by themselves derivatively from the operation of VDSA and USLP for the calendar year **2009** by committing the following affirmative acts, among others:

    (1)   Diverting and withholding from the VDSA bank accounts and account statements, client fee checks made payable to VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

    (2)   Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

    (3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds

11

rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales"  when the diversion became so great that some diverted funds had to be deposited to the VDSA accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of VDSA;

(4)   Filing, and causing to be filed, with the IRS a false **2009** U.S. Income Tax Return for an S Corporation--Forms 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the VDSA bank accounts and account statements and concealed from and misrepresented to the Cypress CPA as preparer of such tax return(s);

(5)   Causing to be filed with the IRS a **2009** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses of VDSA and taxes due and owing thereon;

(6)   Causing to be filed with the IRS a **2009** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material dividend income from USLP as funds diverted and received directly from clients rather than by and through sales and income reported in tax returns filed by and for USLP, and by and through payments and distributions by, through, and from USLP;

(7)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(8)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16,

2013 a false "amended" **2009** U.S. Income Tax Return for an S Corporation--Form 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others;

(9)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2009** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses resulting from client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others and did not report the tax due and owing thereon; and

(10)   During an interview in Houston, Texas with IRS investigating agents on or about November 18, 2014 Naila Lodhi:

    (i)   denied taking Diverted Checks to the Check Cashing Services;

    (ii)   denied dealing with the Cypress CPA; and

    (iii)   denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

COUNT FOUR
(26 U.S.C. Section 7201 - Tax Evasion)

20.   From on or about January 1, 2010 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America by USLP and individually and jointly by themselves derivatively from the operation of USLP for the calendar year **2010** by committing the following affirmative acts, among others:

(1)   Diverting and withholding from the USLP bank accounts and account statements, client fee checks made payable to USLP and VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)   Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

(3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" when the diversion became so great that some diverted funds had to be deposited to the USLP accounts by ASIM LODHI and NAILA LODHI to pay wages and other business

14

expenses of USLP;

(4)    Filing, and causing to be filed, with the IRS a false **2010** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the USLP bank accounts and account statements and concealed from and misrepresented to the Cypress CPA in the preparation of those tax returns and in determining taxes due, owing and payable therewith;

(5)    Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(6)    Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2010** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from USLP bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA non-taxable shareholder loans borrowed from others and did not report taxes due and owing thereon; and

(7)    During an interview in Houston, Texas with the IRS investigating agents on or about November 18, 2014, Naila Lodhi:

    (i)    denied taking Diverted Checks to the Check Cashing Services;

    (ii)    denied dealing with the Cypress CPA; and

    (iii)    denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

<u>COUNT FIVE</u>
(26 U.S.C. Section 7201 - Tax Evasion)

21.  From on or about January 1, 2010 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America individually and jointly by themselves derivatively from the operation of VDSA and USLP for the calendar year **2010** by committing the following affirmative acts, among others:

(1)  Diverting and withholding from the VDSA bank accounts and account statements, client fee checks made payable to VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)  Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

(3)  Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales"  when the diversion became so great that some diverted funds had to be deposited to the VDSA accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of VDSA;

16

(4)   Filing, and causing to be filed, with the IRS a false **2010** U.S. Income Tax Return for an S Corporation--Forms 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the VDSA bank accounts and account statements and concealed from and misrepresented to the Cypress CPA as preparer of such tax return(s);

(5)   Causing to be filed with the IRS a **2010** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses of VDSA and taxes due and owing thereon;

(6)   Causing to be filed with the IRS a **2010** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material dividend income from USLP as funds diverted and received directly from clients rather than by and through sales and income reported in tax returns filed by and for USLP, and by and through payments and distributions by, through, and from USLP;

(7)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(8)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2010** U.S. Income Tax Return for an S Corporation--Form 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others; and

17

(9)  Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2010** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses resulting from client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others and did not report the tax due and owing thereon; and

(10)  During an interview in Houston, Texas with IRS investigating agents on or about November 18, 2014, Naila Lodhi:

(i)  denied taking Diverted Checks to the Check Cashing Services;

(ii)  denied dealing with the Cypress CPA; and

(iii)  denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

<u>COUNT SIX</u>
(26 U.S.C. Section 7201 - Tax Evasion)

22.  From on or about January 1, 2011 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America by USLP

18

individually and jointly by themselves derivatively from the operation of USLP for the calendar year **2011** by committing the following affirmative acts, among others:

(1)   Diverting and withholding from the USLP bank accounts and account statements, client fee checks made payable to USLP and VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)   Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

(3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" when the diversion became so great that some diverted funds had to be deposited to the USLP accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of USLP;

(4)   Filing, and causing to be filed, with the IRS a false **2011** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the USLP bank accounts and account statements and concealed from and misrepresented to the Cypress CPA in the preparation of those tax returns and in determining taxes due, owing and payable therewith;

(5)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(6)     Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2011** U.S. Corporation Income Tax Return--Form 1120 for USLP that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from USLP bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA non-taxable loans borrowed from others and did not report taxes due and owing thereon; and

(7)     During an interview in Houston, Texas with the IRS investigating agents on or about November 18, 2014, Naila Lodhi:

    (i)      denied taking Diverted Checks to the Check Cashing Services;

    (ii)     denied dealing with the Cypress CPA; and

    (iii)    denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

COUNT SEVEN
(26 U.S.C. Section 7201 - Tax Evasion)

23.   From on or about January 1, 2011 and continuing through on or about November 18, 2014, in the Houston Division of the Southern District of Texas and elsewhere,

**ASIM LODHI**
**and**
**NAILA LODHI**

defendants herein, both individually and by aiding and abetting one another, did willfully attempt to evade and defeat income tax due and owing to the United States of America individually and jointly by themselves derivatively from the operation of VDSA and USLP for the calendar year **2011** by committing the following affirmative acts, among others:

20

(1)   Diverting and withholding from the VDSA bank accounts and account statements, client fee checks made payable to VDSA the proceeds of which were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales" (the "Diverted Checks");

(2)   Secretly cashing, and causing to be cashed, the Diverted Checks through the Check Cashing Services and concealing that diversion from the Cypress CPA;

(3)   Misrepresenting to the Cypress CPA that the diverted funds were borrowed funds rather than proceeds of client fee checks that were reportable to the State of Texas as taxable sales and reportable to the IRS as "Gross Receipts or Sales"  when the diversion became so great that some diverted funds had to be deposited to the VDSA accounts by ASIM LODHI and NAILA LODHI to pay wages and other business expenses of VDSA;

(4)   Filing and causing to be filed with the IRS a false **2011** U.S. Income Tax Return for an S Corporation--Forms 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that ASIM LODHI and NAILA LODHI diverted from the VDSA bank accounts and account statements and concealed from and misrepresented to the Cypress CPA as preparer of such tax return(s);

(5)   Causing to be filed with the IRS a **2011** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses of VDSA and taxes due and owing thereon;

(6)   Causing to be filed with the IRS a **2011** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material dividend income from

21

USLP as funds diverted and received directly from clients rather than by and through sales and income reported in tax returns filed by and for USLP, and by and through payments and distributions by, through, and from USLP;

(7)   Concealing the full extent of the diversion from the Successor CPAs hired to "reclassify" only the "shareholder loan(s)" portion of the it;

(8)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false "amended" **2011** U.S. Income Tax Return for an S Corporation--Form 1120S for VDSA that did not report as Gross Sales and Revenue the proceeds of client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others; and

(9)   Causing the Successor CPAs to prepare and present to the IRS on or about July 16, 2013 a false **2011** U.S. Individual Income Tax Return—Form 1040 that did not include and report substantial and material flow-through "S Corporation" income and expenses resulting from client fee checks that had been diverted from VDSA bank accounts and account statements and not later deposited and misrepresented to the Cypress CPA as non-taxable loans borrowed from others and did not report the tax due and owing thereon; and

(10)   During an interview in Houston, Texas with IRS investigating agents on or about November 18, 2014, Naila Lodhi:

    (i)   denied taking Diverted Checks to the Check Cashing Services;

    (ii)   denied dealing with the Cypress CPA; and

       (iii)    denied communicating with the Cypress CPA by phone and fax.

In violation of 26 United States Code, Section 7201 and 18 United States Code, Section 2.

                           A TRUE BILL:

                           FOREPERSON OF THE GRAND JURY

                               ORIGINAL SIGNATURE ON FILE

RYAN K. PATRICK
UNITED STATES ATTORNEY

By:   _____

JIMMY SLEDGE JR.
Assistant United States Attorney

23